IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
UNITED STATES OF AMERICA : CASE NO. 1: 05 CR 009
:
Plaintiff :
: MEMORANDUM OF OPINION AND
-vs- : ORDER
:
:
WILLIAM E. GHINDA :
:
Defendant :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  On 6 April 2006 an evidentiary hearing was held in this matter on the United States' efforts to seek the forfeiture of real and personal property belonging to defendant William Ghinda ("Mr. Ghinda") as alleged in the government's 11 January 2005 indictment of the defendant on cocaine distribution charges. (Docket No. 40, 41). This forfeiture hearing arose pursuant to the parties' Plea Agreement accepted by this Court on 20 December 2005. (Docket Nos. 40, 41). For the reasons discussed below, the Court determines, under the stricture of 21 U.S.C. § 853, the government has sustained its burden of proving the forfeiture allegations and may assume ownership of the real property and $500.00 of United States currency found in Mr. Ghinda's residence.

- 1 -

## I. BACKGROUND

This forfeiture hearing arose incident to the government's indictment of Mr. Ghinda for cocaine distribution.  On 11 January 2005, Mr. Ghinda was indicted on four counts of knowingly and intentionally distributing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  In Count One, the government alleges Mr. Ghinda sold approximately 110 grams of cocaine on 23 June 2004; Count Two alleges the sale of approximately 86 grams of cocaine on 28 November 2004; Count Three alleges the sale of approximately 135.1 grams of cocaine on 10 December 2004; and, Count Four alleges the sale of approximately 102 grams of cocaine on 16 December 2004.  (Docket No. 6).   The government's indictment of Mr. Ghinda also contained a fifth count, charging the defendant with maintaining an illegal nexus between his drug activities and his property, in violation of 21 U.S.C. § 856(a)(2).  Pursuant to the Plea Agreement, the government plans to dismiss Count Five at the defendant's forthcoming sentencing. (Docket No. 41).

In the Indictment, the government seeks both real property and United States currency pursuant to 21 U.S.C. § 853.  The real property consists of a residence located at 4037 Hudson Drive, Boardman, Ohio, (hereinafter referred to as the "Hudson Drive Property"), while the currency is identified as $1,300.00 in United States currency, seized on 16 December 2004, during a warrant search of the Hudson Drive Property.

The parties do not contest Mr. Ghinda's ownership of the Hudson Drive Property. The government provided evidence of Mr. Ghinda's ownership through record title, and Mr. Ghinda submitted proof of the transfer of the property title into his name on 3 January 2002, having purchased it on that date from Priscilla Umbrazum.  (Docket

Nos. 43, 44). Mr. Ghinda also submitted evidence to the Court pertaining to payments made toward the Hudson Drive Property by his brother, Nicholas Ghinda. While presented in the defendant's brief, he did not offer that evidence to the Court during the forfeiture hearing, because the government sought forfeiture of the Hudson Drive Property on the grounds that Mr. Ghinda used it to facilitate his crime, not on the grounds that he purchased the property with funds derived from his cocaine distribution activities.

During the evidentiary hearing, the government put before the Court two witnesses: Michael Mercure, referred to in the government's papers as the confidential source who purchased cocaine from Mr. Ghinda at the Hudson Drive Property on each of the four occasions that comprise the Indictment's counts 1 through 4; and, Timothy Hughes, the Drug Enforcement Administration ("DEA") task force officer who supervised the investigation and submitted the affidavit evidence leading to Mr. Ghinda's indictment. (Docket No. 1, Criminal Complaint).

The Court heard sworn testimony from Michael Mercure of a long-standing acquaintance-ship with Mr. Ghinda that stretched back some ten years. (Hearing Transcript at 9 (hereinafter "Tr.")). That relationship began when Mr. Ghinda purchased an automobile through Mr. Mercure's used car business and continued when Mr. Mercure, in turn, became a client of Mr. Ghinda's, purchasing cocaine from him on a regular basis.[1] Mr. Mercure recounted to the Court the events on four dates – 23 June, 28 November, 10 and 16 December 2004 – when the witness bought cocaine from Mr.

---

[1] Mr. Mercure estimated his expenditure on cocaine during this period, when he operated as a client of Mr. Ghinda's, as between $40,000.00 and $50,000.00. (Tr. 10).

Ghinda at the Harbor Drive Property. (Tr. 11, 16, 17). Those purchases were controlled by the DEA, with Mr. Mercure using marked bills in payment and submitting to a search by DEA officials both immediately prior to, and after, each drug negotiation. Each of the transactions was recorded from a microphone placed on Mr. Mercure's person. The witness related that during these drug transactions he would normally wait in the kitchen of the Hudson Drive Property while Mr. Ghinda would either go down into the basement or to the back porch of the house and return with the cocaine. (Tr. 14, 28). On at least one occasion the cocaine was already in the kitchen upon Mr. Mercure's arrival. (Tr. 27).

In sworn testimony, DEA task force agent Timothy Hughes corroborated Mr. Mercure's testimony regarding the controlled purchases of cocaine from Mr. Ghinda at the Hudson Drive Property. Mr. Hughes also related the execution of a search warrant by the task force on 16 December 2004, on the Hudson Drive Property. (Tr. 37). During the search of Mr. Ghinda's property, the agents found $1,300.00 in one-hundred dollar bills. (Tr. 38). Mr. Hughes' testimony indicated that $500.00 of the currency originated as recorded "buy-money" from Mr. Mercure's earlier cocaine purchases from Mr. Ghinda. (Tr. 38).

Mr. Ghinda was prepared to present two witnesses to the Court on the issue of whether the defendant financed the purchase of his property through his drug proceeds. However, defense counsel chose not to bring those witnesses forward, in this instance,

where the government argued the case for forfeiture based on Mr. Ghinda's use of the property to facilitate his drug distribution efforts.[2]

## II. ANALYSIS

In seeking forfeiture of the defendant's property, the government seeks to step into the shoes of the defendant acquiring only the rights and interests of the defendant at the time of the criminal acts, and nothing more.  See United States v. O'Dell, 247 F.3d 655, 685 (6th Cir. 2001) (noting the government "merely steps into the shoes" of the criminal defendant);  United States v. Lavin, 942 F. 2d 177, 185 (3d Cir.1991);  U.S. v. Harris, 246 F. 3d 566, 575 (6th Cir. 2001).

Title 21 provides that anyone convicted of a federal drug felony punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of state law –

(1) any property constituting, or derived from any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

21 U.S.C. § 853(a)(1) and (2); see also United States v. Pease, 331 F.3d 809, 810 (11th Cir. 2003).

The government bears the burden of proving by a preponderance of the evidence that the property is subject to criminal forfeiture under Section 853(a).  United

---

[2] Nevertheless, the papers before the Court place the government on notice that at least two parties – Nicholas Ghinda and Kerri Ghinda – should receive direct written notice of the order of forfeiture as they have alleged an interest in the Hudson Drive Property.  See 21 U.S.C. § 853(n)(1).

Case: 1:05-cr-00009-LW  Doc #: 45  Filed: 04/20/06  6 of 8.  PageID #: 159

States v. Smith, 966 F.2d 1045, 1052 (6th Cir. 1992).  The government may achieve forfeiture by showing either that the property ownership occurred as a result of the proceeds derived from the criminal activity (Section 853(a)(1)), or that the defendant's use of the property facilitated the crime (Section 853(a)(2)).

In determining the legal rights and interests of the parties in the property, the Court looks to Ohio property law.  "Because forfeiture proceedings implicate property rights which have traditionally been measured in terms of state law, and because Section 853 contains no rule for determining the scope of property rights, it is appropriate to refer to state law in determining the nature of the property interest involved in a forfeiture proceeding." United States v. Harris, 246 F. 3d 566, 571 (6th Cir. 2001).  See also United States v. Certain Real Property Located at 2525 Leroy Lane, 910 F. 2d 343, 349 (6th Cir.1990), cert. denied, 499 U.S. 947, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991).  Ohio law provides that "[t]o be the owner of real property, the person must hold legal title to the property, not simply an equitable interest in the property." Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision, 86 Ohio St. 3rd 181, 183, 712 N.E.2d 751 (1999).

Neither party contests that Mr. Ghinda holds title to the Hudson Drive Property. Moreover, Mr. Ghinda held sole ownership during the period of his criminal activity as he received transfer of title from Priscilla Umbrazum on 3 January 2002 and was the record title holder as of the date of this hearing.

In this instance, the government maintains Mr. Ghinda used his property to facilitate the distribution of cocaine and, as such, the Hudson Drive Property is subject to forfeiture.  See 21 U.S.C. §§ 853(a)(2) & 853(c) (stating that all right, title, and

- 6 -

interest in property subject to forfeiture "vests in the United States upon the commission of the act giving rise to forfeiture"). The Court finds the credible testimony of Mr. Mercure and Mr. Hughes establishes, by a preponderance of the evidence, that Mr. Ghinda used his residential premises as a meeting place to sell cocaine. The evidence and testimony of Mr. Mercure's drug transactions with Mr. Ghinda on the Hudson Drive Property indicates a controlled drug purchase in which the deal was recorded, the money was traceable and the cocaine was accountable. In addition, Mr. Hughes corroborated the procedures and accountability practices involved in Mr. Mercure's purchases from Mr. Ghinda. Accordingly, the Hudson Drive Property facilitated Mr. Ghinda's crime and, as such, is forfeitable pursuant to 21 U.S.C. § 853(a)(2).

While the defendant argued that he would "run up the street" to gather the drugs (Tr. 27), intimating that he did not keep the cocaine in his residence, the distinction does not amount to a legal difference where, as here, the transaction itself occurred on the Hudson Drive Property.[3] Nor does the defendant avoid the possibility of forfeiture if, as he argues here, the authorities found drugs only buried in the garden on the Hudson Drive Property. (Tr. 43). It is well established that a government claim for real property forfeiture arises when evidence places drugs on any portion of the parcel of property. See United States v. Smith, 966 F. 2d 1045, 1053-54 (6th Cir.1992) (holding that 21 U.S.C. § 853(a)(2) requires forfeiture of all of the property defendant uses even if defendant uses only a part of the property; defining property as tracts defined by

---

[3]Moreover, the Court notes this line of defense was truncated, in part, by Mr. Mercure's credible testimony that Mr. Ghinda went into the basement at least once to retrieve the cocaine, and that in at least one transaction the cocaine was already present in the kitchen when he arrived.

instruments and documents that create defendant's interest in the property). See United States v. Littlefield, 821 F.2d 1365, 1367 (9th Cir.1987) (because Section 853(a)(2) requires forfeiture of property used "in any manner or part," all is subject to forfeiture even when only part is used); United States v. Harris, 903 F.2d 770, 777 (10th Cir.1990) (following Littlefield ).

Accordingly, the government has proven, by the necessary preponderance, that Mr. Ghinda owned the Hudson Drive Property and used it to facilitate the distribution of cocaine. Pursuant to 21 U.S.C. § 853(a)(2), the government assumes the defendant's rights and interests in that property through forfeiture. The government has also shown, by a preponderance of the evidence, that $500.00 of the seized $1,300.00 in United States currency arose from drug transactions. As such, the Court orders the forfeiture of $500.00 of the seized currency with the balance returned to the defendant. Following this order of forfeiture the government shall, pursuant to 21 U.S.C. § 853(n), publish notice of the Order and of its intent to dispose of the property in such a manner as the United States Attorney General may direct.

### III. CONCLUSION

For the reasons set forth above, this Court issues this forfeiture order premised in the Indictment of defendant William Ghinda.

IT IS SO ORDERED.

                                    /s/ Lesley Wells
                                UNITED STATES DISTRICT JUDGE

Dated: 20 April 2006